Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, New Jersey 08540
Tel. 609.919.6600
Fax: 609.919.6601
www.morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

**George McClellan**
609.919.6650
gmcclellan@morganlewis.com

8 April 2009

**VIA ELECTRONIC FILING**

The Honorable Lawrence M. McKenna, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   American Medical Association, et al. v. United HealthCare Corporation, et al.
      <u>Docket Number 00-Civ-2800</u>

Dear Judge McKenna:

This firm represents Health Net in a variety of matters and litigations, including, but not limited to *McCoy v. Health Net, Inc., et al.*, 03-1801, *Wachtel, et al. v. Health Net, Inc., et al.*, 01-4183, and *Scharfman v. Health Net, Inc., et al.*, 05-301 (collectively the "Health Net Litigation"), before the Honorable Faith S. Hochberg, U.S.D.J. in the United States District Court for the District of New Jersey.

In connection with the hearing on April 6, 2009 in the above-captioned matter, Your Honor directed Pomerantz, Haudek, Block, Grossman & Gross, LLP (the "Pomerantz firm"), Wilentz, Goldman & Spitzer, P.C. (the "Wilentz firm"), and Health Net to submit letters setting forth their positions regarding the admissibility of information from the Health Net Litigation. For the reasons set forth below, Health Net respectfully requests that this Court place under seal any and all documents, data, and other information from the Health Net Litigation except for pleadings or other information that were publicly filed in the Health Net Litigation.

By way of background, in an Order dated May 22, 2002, the United States District Court for the District of New Jersey entered a Stipulation of Confidentiality and Protective Order. A true and accurate copy of this Order is attached hereto as Exhibit A. The Stipulation of Confidentiality and Protective Order provides, among other things, that "[a]ny documents or other information produced in this action shall be used solely for the purpose of litigating the [Health Net Litigation] **and for no other purpose**." *Stipulation of Confidentiality and Protective Order* at ¶3 (emphasis added). In addition to the Stipulation of Confidentiality and Protective Order, the parties and Berdon Claims Administration ("Berdon"), the claims administrator for the

The Honorable Lawrence M. McKenna, U.S.D.J.
8 April 2009
Page 2



settlement in the Health Net Litigation, signed an Engagement Letter (the "Berdon Engagement Letter") dated May 23, 2008 governing the terms of Berdon's role as the claims administrator.[1] The Berdon Engagement Letter provides, in pertinent part, that "Confidential Information" means "any data or other information disclosed by one party to the other and not generally known by or disclosed to the public, and shall include, without limitation, Health Net member data, the terms of this [Berdon Engagement Letter], and the status and timing of the services [provided in the Berdon Engagement Letter]." *Berdon Engagement Letter* at p.5. The Berdon Engagement Letter requires that "Confidential Information" be kept in "strict confidence." "Confidential Information" cannot be disclosed absent the express prior written consent of the party that disclosed the information to Berdon. *Id.* at p.5.

In the above-captioned matter, the Pomerantz firm introduced as an exhibit an affidavit signed by Michael Rosenbaum, a Managing Director with Berdon. The Wilentz firm also attached the affidavit as an exhibit to a certification. Mr. Rosenbaum's affidavit discloses, among other things, Berdon's calculations regarding (1) the difference between the billed charges and the allowed amount in the Health Net Litigation and (2) the monetary value of the Claims submitted in the Health Net Litigation. *Affidavit of Michael Rosenbaum* at ¶¶3-4. In addition, Mr. Hufford (of the Pomerantz firm) offered testimony on April 3, 2009, relating to the affidavit. The information in Mr. Rosenbaum's certification and testified to by Mr. Hufford is derived from Health Net's claims data for its members. This claims data is highly confidential and proprietary business information that Health Net takes substantial measures to protect from disclosure in its business operations. In addition, Health Net took substantial measures to protect the claims data from disclosure in the Health Net Litigation, including obtaining the Order from the Court precluding its adversaries from using the information in any context other than the Health Net Litigation. The public disclosure of this highly confidential and proprietary information does violence to the measures that Health Net has taken and continues to take to protect it from disclosure.

Both the Pomerantz and Wilentz firms acknowledge that the statements contained in Mr. Rosenbaum's affidavit were based on information produced in the Health Net Litigation. The Stipulation of Confidentiality and Protective Order, therefore, precludes both the Pomerantz and Wilentz firms from using this information in any way outside the Health Net Litigation. In addition, neither the Pomerantz nor Wilentz firms argue that the claims data is not highly confidential and of a proprietary business nature. Moreover, both the Pomerantz and Wilentz firms have tacitly recognized this position: on April 1, 2009, both Messrs. Hufford and Epstein[2] agreed orally to move to place under seal Mr. Rosenbaum's affidavit. In addition, the Wilentz

---

[1] Because the Berdon Engagement Letter itself is deemed "Confidential Information," we have not attached a copy thereof to this letter. If Your Honor would like to receive a copy of the Berdon Engagement Letter, Health Net will provide it.

[2]

The Honorable Lawrence M. McKenna, U.S.D.J.
8 April 2009
Page 3



firm has agreed to move to place under seal Exhibit "NN" to Mr. Epstein's supplemental certification and the statements in the supplemental certification relating thereto.

In addition, the Berdon Engagement Letter precludes both Berdon and the Pomerantz and Wilentz firms from disclosing this information. This information constitutes "Confidential Information" under the terms of the Berdon Engagement Letter. As such, the information is entitled to be held by the parties and Berdon in "strict confidence." Health Net has not given its written consent for Berdon to disclose this information, as the Berdon Engagement Letter requires.

To be clear, Health Net does not oppose the use of pleadings or other information publicly filed in the Health Net Litigation. Mr. Rosenbaum's affidavit, however, was not filed in the Health Net Litigation and, therefore, never became part of the public record.

Health Net respectfully requests that, in the above-captioned matter, Your Honor seal those portions of the record containing any information from the Health Net Litigation, including, but not limited to Mr. Rosenbaum's affidavit, Exhibit "NN" to Mr. Epstein's supplement certification (and the statements related thereto), and the portions of Mr. Hufford's testimony relating to the statements in Mr. Rosenbaum's affidavit based on information produced in the Health Net Litigation.

Very truly yours,

*George McClellan*
George McClellan

c:   Barry M. Epstein, Esq. (via email)
     Barbara G. Quackenbos, Esq. (via email)
     Lynne M. Kizis, Esq. (via email)
     Kevin Roddy, Esq. (via email)
     Ms. Shannon Bishop (via email)
     Ms. Heather Duncan (via email)
     D. Brian Hufford, Esq. (via email)
     Robert J. Axelrod, Esq. (via email)
     Jeffrey S. Klein, Esq. (via email)
     Nicholas J. Pappas, Esq. (via email)
     Jay H. Calvert, Jr., Esq. (via email)
     Ms. Monika Domagala (via email)

# Exhibit A

RECEIVED
WILLIAM T. WALSH, CLERK

| | |
|---|---|
| ZEV AND LINDA WACHTEL, individually and on behalf of their minor son, TORY WACHTEL, and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>-against-<br><br>GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, PHYSICIANS HEALTH SERVICES, INC. and PHYSICIANS HEALTH SERVICES OF NEW JERSEY, INC.<br><br>       Defendants. | 2002 MAY 22 A 10: 19<br>Index No. 2:01-cv-4183 (FSH)(SRC)<br><br>UNITED STATES<br>DISTRICT COURT<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>**FILED**<br>MAY 2 2 2002<br>AT 8:30 ............ M<br>WILLIAM T. WALSH<br>CLERK |

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Zev and Linda Wachtel ("Plaintiffs") and Defendants Guardian Life Insurance Company, Physicians Health Services, Inc. and Physicians Health Services of New Jersey, Inc. (collectively, "Defendants") (together with the Plaintiffs, the "Parties") by and between their undersigned counsel, that:

1. All confidential documents or information produced by the Parties in the instant action shall be subject to the terms and provisions set forth herein.

2. The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

   a. "Documents" shall mean all originals, copies and non-identical copies, however produced or reproduced, of any printed, typed, handwritten, graphic, electronic or otherwise recorded matter of whatever character, including, but not limited to, files, correspondence, contracts, agreements, memoranda, notes, forms, diaries, reports, interoffice communications, statements, transcripts, affidavits, photographs, audiotape or videotape recordings,

**ENTERED**
ON
THE DOCKET

MAY 2 3 2002

WILLIAM T. WALSH, CLERK
By_____
    (Deputy Clerk)

498925.4  5/8/2002 04:08PM

motion pictures, e-mail, and computer files.

b. "Confidential Information" means any information so designated by any person disclosing the information and which has been designated as "confidential" by a Party or the disclosing person in one or more of the following ways: (1) information set forth in an answer to an interrogatory may be so designated by including the word "confidential" in the answer; (2) information contained in any document or part thereof may be so designated by marking the word(s) "CONFIDENTIAL" on the document or any copy of it delivered to the opposing Party or its counsel or by giving written notice to opposing counsel, describing the document or part thereof either specifically or by category; or (3) information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition.

3. Any documents or other information produced in this action shall be used solely for the purpose of litigating the above-captioned matter and for no other purpose.

4. Except as otherwise provided in this Stipulation of Confidentiality, Confidential Information may only be disclosed to or examined by the following persons:

a. the Parties, the Parties' inside counsel, if any, and employees of the Parties' inside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action;

b. the Parties' respective outside counsel and employees of the Parties' outside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action;

c. independent consultants or experts retained in connection with the instant action by the Parties' counsel only to the extent necessary for the prosecution or defense of the instant matter, subject to the following conditions:

   (1) Plaintiffs represent that, as of the date of this Stipulation, they have not retained any such consultant or expert who has worked or is working at any time during the pendency of this case (either as an employee or a contractor) for any non-Party person or entity that is a managed care organization, an association of medical providers or a health insurer ("Industry Consultant");

   (2) In the event Plaintiffs retain any Industry Consultant in connection with the instant action, Plaintiffs' counsel shall, as soon as practicable, serve written notice on Defendants' counsel that an Industry Consultant has been retained; Defendants may, within 30 days of receipt of such notice, move the Court for a protective order prohibiting disclosure of Confidential Information to such Industry Consultant;

   (3) Plaintiffs shall not disclose any Confidential Information to such Industry Consultant until the latest of (i) the end of the 30-day period for making the motion provided no such motion has been filed; (ii) the court's ruling on such motion; or (iii) Defendants' service of written notice that it does not intend to make such a motion;

d. experts and/or other third-party deponents or witnesses only to the extent necessary for the preparation of their testimony at a proceeding in these matters;

     e.     stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant actions; and

     f.     magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant actions.

5. Any person disclosing documents containing Confidential Information that is not relevant to the Parties' claims or defenses may, at such person's option, redact such Confidential Information and so indicate on the document being produced. Information which may be redacted includes, but is not limited to, highly sensitive pricing or other information, fee schedules, medical information, and private or personal information regarding persons other than the named plaintiffs. If the Party to whom disclosure is made believes that any information has been redacted improperly, such Party shall seek to resolve any dispute over such redaction with the person disclosing the documents, and if the dispute is not resolved, the Party to whom disclosure is made may move the Court for access to an unredacted version of such information within ten days of service of the redacted disclosure.

6. Plaintiffs' counsel represent that they have obtained legally valid and sufficient consent in writing from their respective clients permitting the disclosure of all personal information that may be requested and/or produced in discovery in this litigation under all applicable federal, state and local statutes or regulations, including but not limited to medical information related to such clients.

7. Except as otherwise provided below, each person who is permitted to see Stamped Confidential Documents shall first be shown a copy of this Order and shall sign an acknowledgment form that states:

     a.     the signatory has read and understands this Order;

b.  the signatory understands the information contained in the Documents has been designated as highly confidential;

c.  the signatory understands that the unauthorized disclosure of information contained in any Stamped Confidential Document may constitute contempt of Court; and

d.  the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcement of this Order.

e.  Persons permitted to see stamped Confidential Documents shall sign the Agreement annexed hereto as Exhibit A. This signed form shall be maintained by the litigant acquiring the signatures and shall be produced to the Court for in camera inspection should such inspection be requested by any Party. As to any third-party contractors or vendors included in the list of persons who must sign an acknowledgment form described in part 4(c) above, an owner or manager of such contractor may sign on behalf of his or her employees. No such signed acknowledgment shall be required of (i) court personnel; (ii) any person or the employee of any person or entity who produces the Confidential Information or who is identified as a recipient on a document containing confidential information; or (iii) outside counsel for the parties.

8.  Documents designated Confidential, and all information contained therein or derived therefrom, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this order. Any Confidential documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to Confidential documents or information at a deposition, the portion of the deposition

transcript that relates to such documents or information shall be stamped Confidential and sealed separately from the remainder of the transcript, and shall be treated as Confidentialunder the provisions of this order.

9. <u>Designating Portions of Deposition Transcripts Confidential</u>. Any party, within fifteen (15) days after receiving a deposition transcript, designates portions of the transcript, or exhibits thereto, as being Confidential. At deposition, the parties will attempt in good faith to preliminarily identify and designate Confidential testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits Confidential, or by underlining the portions of the pages that are confidential and stamping such pages Confidential. Until expiration of the fifteen (15) day period, the entire deposition transcript, and all exhibits thereto, will be treated as Confidential under the provisions of this order. If no party timely designates testimony or exhibits from a deposition as being Confidential, none of the deposition testimony or exhibits will be treated as confidential. If a timely Confidential designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as Confidential under the provisions of this order.

10. In the event any person having possession, custody or control of any Confidential Information receives a subpoena or other process or order to produce such information, such person shall as soon as reasonably practicable notify by hand or facsimile counsel of record for the designating Party, provide a copy of the subpoena or other process or order, and cooperate with the designating Party. The designating Party shall have the burden of defending against or objecting to such request to the

extent it seeks Confidential Information. The person receiving such request shall be entitled to comply with it only if the designating Party does not seek or unsuccessfully seeks an order modifying or quashing the request for Confidential Information.

11. With respect to any document that has been produced in these matters and designated as confidential by another Party, should any Party claim to have received the document from another source without any restriction of confidentiality and should that Party seek to be relieved of the confidentiality restrictions of this Stipulation of Confidentiality with respect to that document, the Party shall seek the consent of the other parties. If the parties cannot agree as to whether the document should be excluded from this Stipulation of Confidentiality, the matter may be submitted to the Court for resolution.

12. Inadvertent failure to designate information as confidential at the time of disclosure may be remedied by supplemental written notice given by the disclosing Party. Upon receipt of such notification, all information so designated shall be subject to this Order as if it had been initially so designated. The Party receiving such notice shall make a reasonable good-faith effort to insure that any analyses, memoranda, or notes that were generated based upon such newly designated information are immediately treated as containing Confidential Information.

13. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any Party nevertheless is inadvertently produced to such a Party, such production shall not prejudice, or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the disclosing Party otherwise would be entitled. If a claim of inadvertent production

is made with respect to information then in the custody of another Party, such Party shall promptly return to the claiming Party or person that material as to which the claim of inadvertent production has been made. The Party returning such material may move the Court for an order compelling the production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

14. Documents containing Confidential Information need not be filed with the clerk of the court except when required in connection with matters pending before the Court. If filed, such documents shall be filed under seal with the legend "FILED UNDER SEAL" and shall remain sealed while in the office of the clerk so long as the information contained in them retains its status as Confidential Information, unless and until otherwise ordered by the Court. Any document that is unsealed by the Court shall be returned to the Party filing such document and shall not be placed in the public record, and such Party shall have a reasonable opportunity to redact and to refile the document so as to avoid disclosure of confidential information and/or to submit other evidence to establish the fact in issue. Where reasonably possible, only those portions of filings containing documents stamped confidential shall be filed under seal. Where reasonably possible, the Parties shall agree to redact documents or stipulate to facts so as to avoid the disclosure of confidential information and the need to file documents under seal.

15. The originating or producing Party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any Confidential Information only by explicit written waiver. Such waiver shall not result in a waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality.

16. This Stipulation of Confidentiality may be amended by the agreement of counsel for the Parties in the form of a written amendment to the Stipulation of Confidentiality.

17. This Stipulation of Confidentiality shall remain in full force and effect indefinitely until modified, superseded, or terminated by executed written agreement of the Parties hereto or by Order of the Court.

18. Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing Confidential Information and all copies thereof which are in the possession, custody or control of any person other than the Party who or which produced such documents or items shall either be returned to the Party who or which produced such documents or items or destroyed at the election of the Party who or which produced such documents or items. An affidavit stating that the documents were returned or destroyed in toto shall be delivered within thirty (30) days after the conclusion of this action to the Party who or which produced such document or items. Counsel may retain copies of all documents that have been filed with the Court, depositions, and exhibits thereto.

19. Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case.

STIPULATED AND AGREED:

Respectfully submitted,

Dated this 16th day of May, 2002

*Steven P. Del Mauro* (bgg)
Steven P. Del Mauro, Esq.
Del Mauro, DiGiaimo & Knepper, P.C.
8 Headquarters Plaza, North Tower
Morristown, NJ 07960

Dated this 16th day of May, 2002

Attorneys for Defendant Guardian Life
Insurance Co.

_____
B. John Pendleton, Jr., Esq. (by )
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

Attorneys for Defendant Physicians Health
Services, Inc. and Physicians Health Services
of New Jersey, Inc.

Dated this 16th day of May, 2002

_____
Barry M. Epstein, Esq.
SILLS CUMMIS RADIN TISCHMAN
    EPSTEIN & GROSS, P.A.
One Riverfront Plaza
Newark, New Jersey 07102

POMERANTZ HAUDEK BLOCK
    GROSSMAN & GROSS, LLP
100 Park Avenue
New York, New York 10017-5516

THE CUNEO LAW GROUP, P.C.
317 Massachusetts Ave., NE, Suite 300
Washington, DC 20002

ALPERT & FERRENTINO, P.A.
First Union Centre, Suite 2000
100 South Ashley Drive
Tampa, FL 33602

Attorneys for Plaintiffs

SO ORDERED:
Dated this 21 day of May, 2002

_____
Stanley R. Chesler
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ZEV AND LINDA WACHTEL, individually and on behalf of their minor son, TORY WACHTEL, and on behalf of all others similarly situated,

    Plaintiffs,

-against-

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, PHYSICIANS HEALTH SERVICES, INC. and PHYSICIANS HEALTH SERVICES OF NEW JERSEY, INC.

    Defendants.

Index No. 2:01-cv-4183 (FSH)(SRC)

**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION**

---

_____, being sworn, deposes and says:

(a) I have read and I understand the Stipulation of Confidentiality and Protective Order entered in this action, and I agree to be bound by it;

(b) I understand that the information contained in Documents marked Confidential is confidential;

(c) I understand that the unauthorized disclosure of Documents marked confidential or information contained therein may constitute contempt of Court; and

(d) I consent to the exercise of personal jurisdiction over me by the United States District Court for the District of New Jersey for purposes of enforcing this Agreement.

Signed: _____

SUBSCRIBED and sworn to before me this
____ day of _____, 2002

_____
Notary Public