UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE AMERICAN MEDICAL ASSOCIATION,
et al.,
                Plaintiffs,

-against-

UNITED HEALTHCARE CORPORATION,
et al.,
                Defendants

Master File No.

00 Civ. 2800 (LMM)(GWG)

### OBJECTOR GLEITH COZBY'S RESPONSE TO PLAINTIFFS' MOTION TO REQUIRE POSTING OF A RULE 7 APPEAL BOND

Appellant/Objector Gleith Cozby ("Ms. Cozby") hereby submits the following response in opposition to "Plaintiffs' Motion to Require Posting of Appeal Bonds Pursuant to F.R.A.P. 7" ("Bond Motion").

### I. INTRODUCTION

Gleith Cozby is a member of the settlement damages class and has standing to object to the settlement and bring an appeal. Ms. Cozby timely objected to the proposed settlement on the grounds that: (a) it contained an overly broad definition of the class that did not meet the requirements of Rule 23, and (b) the attorneys' fees awarded to Class Counsel were excessive.

In approving the Proposed Settlement Agreement ("Settlement") between the Plaintiffs and United HealthCare, this Court certified a settlement damages class and overruled several objections filed in opposition to approval of the Settlement. Several objectors timely filed appeals, including Ms. Cozby. In an attempt to squelch Ms. Cozby's timely and proper appeal of the Order Approving Settlement and Final Judgment ("Settlement Approval Order"), Plaintiffs are asking this Court to require all appellants to post substantial bonds for costs and fees.

In their Bond Motion, Plaintiffs allege without support that Ms. Cozby's objection to class certification lacks merit and that Ms. Cozby and her counsel have acted in bad faith. Consequently, they argue, Ms. Cozby should be required to post a Rule 7 cost bond in the amount of $60,000. Plaintiffs' bond request should be denied because Plaintiffs have failed to demonstrate that (1) Ms. Cozby poses a nonpayment risk, (2) her appeal is frivolous, or (3) that Ms. Cozby or her counsel has acted vexatiously in this case.

## II.     ARGUMENT

### A.     Plaintiffs' Motion Seeks To Supplant The Appellate Court's Jurisdiction And To Improperly Dispose of Ms. Cozby's Meritorious Appeal.

The most basic function of appellate courts is to review the legal correctness of the district courts below. Despite this, the Plaintiffs now ask this Court to circumvent the appellate process by having this Court review the merits of an appeal taken on its own Settlement Approval Order, in which this Court already overruled the appellants' objections. Neither a party nor a court is permitted to use Rule 7 to discourage exercise of the right to appeal. *See In re Diet Drugs Prods. Liab. Litig. v. Am. Home Prod. Corp.,* 2000 WL 1665134, *5 (E.D. Penn. 2000) (*citing Clark v. Univ. Builders, Inc.,* 501 F.2d 324, 341 (7th Cir. 1974)).

Plaintiffs' poorly-disguised attempt to dispose of Ms. Cozby's objection through the use of an excessive cost bond should not be tolerated by this Court. Objectors play an important role in class actions, especially during the settlement process. *See, e.g., Denney v. Jenkens & Gilchrist,* 230 F.R.D. 317, 353 (S.D.N.Y. 2005) ("It is well settled that objectors have a valuable and important role to perform in policing class action settlements"); *White v. Auerbach,* 500 F.2d 822, 828 (2d Cir. 1974) ("[I]t is well settled that objectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements….").

Imposing too great a burden on an objector's right to appeal discourages meritorious appeals and insulates a district court's judgment in approving a class settlement from appellate review. *See, gen., Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 408 (1990) ("If appellants were routinely compelled to shoulder the appellees' attorneys' fees, valid challenges to district court decisions would be discouraged").

In determining whether to require an appeal bond, the Court should consider the following factors:

>  (1) the appellant's financial ability to post a bond;
>
>  (2) the risk that the appellant would not pay appellee's costs if the appeal loses;
>
>  (3) the merits of the appeal; and
>
>  (4) whether the appellant has shown any bad faith or vexatious conduct.

*In re AOL Time Warner, Inc., Sec. and "Erisa" Litig.,* 2007 WL 2741033, *2 (S.D.N.Y. 2007) (*citing Baker v. Urban Outfitters, Inc.,* 2006 WL 3635392, *1 (S.D.N.Y. 2006)).

### 1. There is no evidence that the Appellees' costs would not be reimbursed if the appeal is lost.

Rule 7 expressly provides: "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." F.R.A.P. 7. The policy behind Rule 7 is "'to protect the rights of appellees brought into appeals court by . . . appellants' who 'pose [ ] a payment risk because [they have] no assets in the United States.'" *Tri-Star Pictures, Inc. v. Unger*, 32 F. Supp. 2d 144, 147 (S.D.N.Y. 1999) (*quoting Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998)) (omissions in original). An appeal bond is appropriate when there is a substantial risk of non-payment. *Adsani,* 139 F.3d at

70 (appellant had no assets in the United States); *accord, Tri-Star Pictures,* 32 F. Supp. 2d at 147; *see also, Baker,* 2006 WL W 3635392 at *1 (appellant routinely failed to comply with prior orders to pay opposing party's costs); *Watson v. E.S. Sutton, Inc.,* 2006 WL 4484160, *2 (S.D.N.Y. 2006) (appellant on the verge of bankruptcy); *RBFC One, LLC v. Zeeks, Inc.,* 2005 WL 2140994, *1 (S.D.N.Y. 2005)(appellant was "shell corporation").

Plaintiffs have made no showing of a risk that the appellee's costs would not be paid in the event Ms. Cozby's appeal is not successful, which risk is what Rule 7 aims to avoid.

    2.    <u>Ms. Cozby's appeal has merit.</u>

Plaintiffs seek a substantial appeal bond under Rule 7 on the ground that Ms. Cobzy's appeal is meritless. Rule 7, however, is not intended to be used as a means of discouraging appeals, even if perceived by the opposing party to be frivolous. *In re Diet Drugs Prods. Liab. Litig.,* 2000 WL 1665134 at *5 *(citing In re Am. President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir. 1985)).

If the Plaintiffs truly believed that Ms. Cozby's appeal was frivolous or meritless, they would have filed a motion to dismiss with the Court of Appeals, which they have not done. *Id.* They did not do so because Ms. Cozby's appeal raises serious questions of substantial merit and a motion for dismissal would not be granted. Any fair reading of Ms. Cozby's objection demonstrates that it has ample evidentiary and legal support. Ms. Cozby's objection cites dozens of applicable, binding precedents and persuasive precedents from other jurisdictions.

Moreover, contrary to Plaintiffs' claim that Ms. Cozby's appeal adds no benefit to the class, narrowing the overly broad class that currently includes many members without a legitimate claim, to a correctly defined class *does* improve the settlement for Ms. Cozby and all other class members who were legitimately damaged by the Defendants' wrongful acts. As it

stands, their recovery has been severely diluted by class members who do not have a legitimate claim. Ms. Cozby's appeal is meritorious and Plaintiffs' back-door attempt to deprive Ms. Cozby of her right to appeal should not be allowed.

### 3. Plaintiffs have not shown any bad faith or vexatious conduct.

Plaintiffs have not set forth one shred of evidence that Ms. Cozby or her counsel has acted in bad faith or with vexatious conduct in this matter. Ms. Cozby has every right to retain competent counsel, and every right to appeal. Nothing Ms. Cozby or her counsel has done in this action constitutes bad faith or vexatious conduct. Ms. Cozby's only involvement in this lawsuit is timely and properly filing an objection and notice of appeal, which involvement does not constitute bad faith or vexatious conduct. The only thing pointed to by Plaintiffs is that Ms. Cozby's counsel allegedly did not comply with a discovery order in a completely separate case, which is irrelevant to this litigation.[1] Consequently, any assertion regarding that claim is insufficient grounds to support a finding of bad conduct in this case. *See, e.g., In re Air Cargo Shipping Services Antitrust Litigation*, 2010 WL 1049269, *3 (E.D.N.Y. 2010) (holding that

---

[1] The July 20, 2009 Order by Judge Scheindlin in *In re Initial Public Offering Secs. Litig.,* 2010 U.S. Dist. LEXIS 62968 (S.D.N.Y. 2010) (See Ex. F to the Weinrib Declaration, Plaintiffs' Ex. B), provides in pertinent part:

> Greene now clarifies both statements. *First*, Greene explains that it was his clients' prior counsel that made this demand – not Greene. <u>I therefore withdraw my conclusion that *Greene* engaged in bad faith and vexatious conduct</u>.
>
> Second, Greene clarifies that none of his clients have ever objected to a settlement prior to this occasion. *** Accordingly, <u>I withdraw my finding that it is "likely" that Greene's clients are serial objectors</u>.
>
> *Finally*, although I expressly noted that it was "unclear" whether Greene was a serial objector, Greene contends that the June 17 Opinion could be read to endorse the finding that he is, indeed, a serial objector. Although the Court does not believe a clarification is necessary, <u>the Court reaffirms that it did not find Greene to be a serial objector</u>.

Exhibit F, p. 3. (Italics in original, emphasis added, footnotes omitted).

"conduct in other similar litigations . . . is insufficient to support a finding [of 'bad faith or vexatious conduct'] in this case.").

Plaintiffs assert that Ms. Cozby's "bad faith" is evident in "[her] argument that the Settlement Class was improperly certified because common issues supposedly did not predominate." (Bond Mot. at 9). Incredibly, Plaintiffs cite their own affidavit of an associate attorney at one of the Plaintiffs' counsel's law firms as "[p]erhaps the clearest indication of [Ms. Cozby's] bad faith…. Weinrib Decl., Ex., B." (*Id.*). The lack of merit for Plaintiffs' unfounded assertion underscores the desperate nature of their efforts to avoid having their flawed Settlement Agreement scrutinized by the appellate court. This tact must fail for two important reasons.

First, this Court cannot reasonably find that Ms. Cozby or her attorney has engaged in vexatious conduct or acted in bad faith based upon the affidavit of an associate attorney for Plaintiffs who simply recited Ms. Cozby's legal argument. (See Bond Mot. at 9). Plaintiffs have not alleged a single fact that would allow this Court to find that Ms. Cozby or her attorney has acted in bad faith in this action or appeal. Neither Ms. Cozby nor her counsel has sought to extract fees or solicited offers from the settling parties' counsel to collect fees in exchange for dismissal of her appeal. Ms. Cozby has every right to retain competent counsel, and every right to appeal.

Second, Plaintiffs' assertion regarding class certification boldly contradicts the United States Supreme Court and the Federal Rules of Civil Procedure, which require "that questions of law or fact common to class members predominate over any questions affecting only individual members." F.R.C.P. 23(3)(B); *Amchem v. Windsor*, 521 U.S. 591 (1997). Plaintiffs' novel assertion that any objector who challenges class certification must have an improper purpose

because the entire settlement could be lost is nonsense, and directly contrary to binding Supreme Court precedent.

In *Amchem*, the objectors challenged class certification on a similar basis as Ms. Cozby challenges certification here. The Supreme Court made clear that federal courts lack authority to substitute for Rule 23's certification criteria a standard never adopted – that if a settlement is "fair," then certification is proper. *Id*. at 622. Under Plaintiffs' analysis, the objectors in *Amchem*, as here, would have been forced to pay a large bond that would deter their rights of appeal simply because they challenged class certification, which challenge could potentially upset a purportedly "fair" settlement. This Court's adoption of Plaintiffs' position would turn *Amchem* on its head.

### B. A Rule 7 Appeal Bond Can Only Include Actual "Costs."

At one point in their Bond Motion, the Plaintiffs correctly state the authority for the type of costs allowed under Rule 7 ("taxable costs specified in Appellate Rule 39(c) and U.S.C. § 1920," which "[c]ourts have generally held such taxable costs to include photocopying, printing, binding, filing, and service." (Bond Mot. at 16)). Despite this, the Plaintiffs ask this Court to dispose of the rules and precedent and apply some other standard of calculating costs in hopes of generating an inflated figure for the bond.

#### 1. Delay costs are not proper in a Rule 7 bond.

As an initial matter, Plaintiffs admit that Ms. Cozby's appeal will not necessarily cause a delay**.** (Bond Mot. at 18). Irrespective, a Rule 7 appeal bond <u>cannot</u> include costs for delay in administering the settlement or attorneys' fees. *In re Air Cargo*, 2010 WL 1049269 at *2; *In re Initial Public Offering,* 2010 WL 2505677 at *3; *In re AOL Time Warne,* 2007 WL 2741033 at

7

*4; *In re Currency Conversion Fee Antitrust Litigation*, 2010 WL 1253741 *2,3 (S.D.N.Y. 2010). Thus, there is no basis to include delay costs in a Rule 7 bond.

> 2. Attorneys' fees are not proper "costs" under F.R.A.P. 39 or the statutes at issue in this case.

In a case similar to this one, *Azizian v. Federated Dept. Stores, Inc.,* 499 F.3d 950 (9th Cir. 2007), a class member objected to a consumer antitrust class action settlement. The district court ordered the objector to post a bond in an amount that included anticipated taxable appellate costs and appellate attorneys' fees. *Id.* at 954. On appeal, the Plaintiffs claimed that the portion of the district court's Rule 7 bond that included security for appellate attorneys' fees was proper because, as Plaintiffs claim here, the fee-shifting provision in Section 4 of the Clayton Act, 15 U.S.C. § 15(a), included attorneys' fees as recoverable costs. *Id.* at 959. The appellate court agreed that Section 4 included attorneys' fees as costs but concluded that attorneys' fees would not be recoverable under Section 4 against the objector. *Id.* It therefore held that the district court erred when it included anticipated appellate attorneys' fees in its calculation of the amount of the Rule 7 bond. *Id.*

Here, the Plaintiffs likewise rely on fee-shifting provisions in the Clayton and RICO statutes, as well as a discretionary fee-shifting provision under ERISA. But, just like the Clayton Act, the fee-shifting provision under RICO only allows for recovery *against the violator of the statute.* 18 U.S.C. § 1964(c) ("Any person injured in his business or property *by reason of a violation of section 1962* of this chapter ... shall recover threefold damages he sustains and the cost of the suit, including a reasonable attorney's fee ..."). Similarly, a fee award under ERISA is only potentially available to a "claimant" under the statute. 29 U.S.C. § 1132(g)(1). It is undisputed that Ms. Cozby has not violated the Clayton Act, or the RICO and ERISA statutes.

The corresponding fee-shifting provisions clearly do not apply to her, and do not permit the inclusion of attorneys' fees in a Rule 7 cost bond.

More importantly, however, the Plaintiffs here are not entitled to attorneys' fees based on their settlement of the case. *See, e.g., Aetna Ca. & Sur. Co. v. Liebowitz,* 730 F.2d 905, 908-09 (2d Cir. 1984) (holding in order for a RICO plaintiff to recover attorneys' fees, he must first prove that he suffered injury as a result of the RICO violation). "Nothing in the statute's language indicates an intent to authorize an attorney's fee award for obtaining injunctive relief, as distinguished from damages, *or for a plaintiff's [sic] successfully negotiating a settlement of his claim." Id.* at 907. (emphasis added). Looking to the legislative history, the Second Circuit found "nothing indicating a Congressional intent to authorize an award of attorney's fees when there has been less than a final recovery of damages and costs." *Id*. Here, Plaintiffs have settled their claims and are not entitled to attorneys' fees for the underlying cause of action. Even if they had not yet settled, they would not be able to collect attorneys' fees from Ms. Cozby—one of the people injured by the Defendants' wrongful acts.

### 3. Imposition of Rule 38 costs is not proper here.

The Plaintiffs erroneously argue that this court can award fees pursuant to F.R.A.P. 38. It is for the Court of Appeals, and not the district court, to decide whether Rule 38 costs and damages should be allowed in any given case. *In re Air Cargo,* 2010 WL 1049269 at *3 (*citing In re American President Lines, Inc.,* 779 F.2d at 717).

### 4. Plaintiffs did not request Rule 11 sanctions.

Rule 11 sanctions are also not appropriate here. Plaintiffs have neither requested nor demonstrated any conduct by Ms. Cozby or her counsel that would warrant sanctions. Even if they had—which they clearly have not—just as a Court of Appeals is better positioned to

9

determine whether an appeal is so frivolous as to justify Rule 38 sanctions, it is also better able to determine whether an attorneys' conduct on appeal is unreasonable and vexatious. See *In re AOL Time Warner,* 2007 WL 2741033 at *6.

### C. If The Court Requires A Bond, It Must Reflect The Minimal Actual Costs.

While a district court has discretionary authority under F.R.A.P. 7 to impose an appeal bond, the purpose of that bond is "to ensure payment of costs on appeal." As Plaintiffs concede in their Bond Motion (p. 16), such costs are limited to those taxable costs defined in 28 U.S.C. § 1920 and F.R.A.P. 39(c), *In re AOL Time Warner,* 2007 U.S. Dist. LEXIS 69506, which "include photocopying, printing, binding, filing, and service." *Id.* (*citing In re Currency Conversion,* 2010 U.S. Dist. LEXIS 27605 at **2-3).

The record in this case is not a voluminous one. For her appeal, Ms. Cozby will include in her appendix limited pleadings (*e.g.* the motion for preliminary approval of the settlement, objections, responses to the objections, papers filed in support of the settlement, motions for attorneys' fees, and challenges to those fees), the Settlement Approval Order, and the Objector's notices of appeal.

There are few relevant documents in the record left that the Plaintiffs would have to copy. Certainly, the number of pages Plaintiffs would be required to copy would not exceed 2,000 pages. Using the Second Circuit rate of twenty cents ($ .20) per page, the copying costs should not exceed $400. The printing and binding costs for ten copies of a brief should not exceed $2,500, and service is electronic. Thus, the actual "costs" of the appeal should be approximately $2,900. There has been no showing by Plaintiffs that such costs would exceed $2,900.

### III.     CONCLUSION

Ms. Cozby should not be required to file a Rule 7 cost bond in this case. In the event a bond requirement is imposed upon Ms. Cozby, it should be for an amount not exceeding $2,900 for printing and copying costs.

                          Respectfully submitted,

                          /s/ Lee Greene
                          _____
                          Leland L. Greene, Esq.
                          NY Bar No. 1586049
                          1565 Franklin Avenue
                          Second Floor
                          Mineola, New York 11501
                          Tel: (516) 746-3800
                          FAX: (516) 222-6577
                          E-mail:  LgreeneLAW@aol.com