UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-6-10

THE AMERICAN MEDICAL ASSOCIATION, et al,

:
: Plaintiffs,
:
-against-
:
UNITED HEALTH CORPORATION, et al.
:
: Defendants.

Case No. 00 Civ. 2800
(LMM) (GWG)

## RESPONSE TO MOTION TO REQUIRE POSTING OF APPEAL BONDS PURSUANT TO F.R.A.P. 7

1. My name is Charmain Schuh. I received two notices of the proposed class action settlement, both of which stated that I could write to the Court about why I do not agree with the settlement. I did that. I also filed a Notice of Appeal that I downloaded from the Court's website, and I paid the $455 filing fee through the pro se office. The lawyers for the Class Plaintiffs are now trying to force me to pay a $20,000 bond to exercise these legal rights. This new condition to exercise my legal rights was never disclosed in the notice of the proposed class action settlement or anywhere else before now. If I am forced to pay a $20,000 bond, I will probably have to withdraw my appeal.

2. I have a Master's Degree and I write grants for a non-profit. My salary is $35,000 per year. This is the only time I have objected to a class action settlement. I did so in good faith following the procedures set forth in the two notices I received.

3. Upon reading Class Plaintiffs' Memorandum of Law in Support of the Motion, I was struck by the conundrum presented by Class Plaintiffs' argument: If I file an objection on my own, I am characterized as not prepared to mount a serious appeal because I am pro se. On the other hand, if I were to have hired a lawyer experienced in filing an objection, my lawyer would have been characterized as a professional objector and my appeal would be considered filed in bad faith. Apparently there is no way to appeal a class action settlement without being subject to ridicule and the imposition of a bond that is cost prohibitive.

4. I have recently arranged for a lawyer to represent me on appeal. I now understand that a bond under F.R.A.P. 7 is discretionary and a request for such a bond can be denied. The only purpose of the bond is to ensure payment of costs on appeal. There are a number of objectors who are appealing this class action settlement. There is no indication by or from any objector that the costs on appeal will not be paid if assessed. There is no reason to impose such a bond, particularly when Class Plaintiffs appear to be trying to impose the entire costs of appeal on each objector as if he or she were the only objector filing an appeal, all designed to make the appeal cost prohibitive.

_/s/ Charmain Schuh_
Charmain Schuh 303-664-5548
714 W. Cleveland Cir., Lafayette, CO 80026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

...................................................................................

THE AMERICAN MEDICAL ASSOCIATION, et al,  :
                                          :  Case No. 00 Civ. 2800
                        Plaintiffs,       :  (LMM) (GWG)
                                          :
            -against-                     :
                                          :
UNITED HEALTH CORPORATION, et al.         :
                                          :
                        Defendants.       :
                                          :
...................................................................................

## CERTIFICATION OF SERVICE

     I, Charmain Schuh, do hereby certify that on December 3, 2010 I served my Response to Motion to Require Posting of Appeal Bonds Pursuant to F.R.A.P. 7 by mailing it to the following:

***Counsel to Class Plaintiffs:***

D. Brian Hufford
Stanley M. Grossman
Shaheen Rushd
Tamar Weinrib
POMERANTZ HAUDEK GROSSMAN & GROSS, LLP
100 Park Ave., 26th Fl.
New York, NY 10017-5516
212-661-1100

Jonathan W. Cuneo
David W. Stanley
CUNEO GILBERT & LADUCA, LLP
507 C Street N.E.
Washington D.C. 20002
202-789-3960

A. Ross Pearlson
SILLS CUMMIS & GROSS, P.C.
The Lergal Center
One Riverfront Plaza
Newark, NJ 07102
973-643-5495

James E. Cecchi
Lindsey Taylor
CARELLA BYRNE BAIN GILFILLAN
 CECCHI STEWART & OLSTEIN, PC
5 Becker Farm Road
Roseland, NJ 07068
973-994-1700

Klari Neuwelt
Law Office of Klari Neuwelt
110 East 59th Street, 29th Floor
New York, NY 10022
212-593-8800

Barry M. Epstein
Barbara Quackenbos
Lynne Kizis
Kevin P. Roddy
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
732-636-8000

Wood R. Foster, Jr.
Jordan Lewis
SIEGEL BRILL GREUPNER DUFFY &
 FOSTER, P.A.
1300 Washington Ave. South
Minneapolis, MN 55401
612-337-6100

Jonathan L. Alpert
THE ALPERT LAW FIRM, P.A.
5920 River Terrace
Tampa, FL 33601-3270
813-223-4131

Paul M. Sod
LAW OFFICE OF PAUL M. SOD
337R Central Ave.
Lawrence, NY 11559
516-295-0707

***Counsel for Defendants:***
Jeffrey S. Klein
Nicholas J. Papas
Martin Geagan
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153

***Counsel to Steven Emmet, M.D., et al.***
Edward F. Siegel
27600 Chagrin Blvd.
Cleveland, OH 44122

***Counsel to Gleith Cozby***
Leland L. Greene
585 Stewart Ave., Suite 790
Garden City, NY 11530

***Counsel to Richard Neitzel, et al.***
Robert K. Erlanger
122 E. 42nd St, Suite 519
New York, NY 10168

***Pro Se***
Terry W. Jones
P.O. Box 32
Brooker, FL 32622

_____