```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

THE AMERICAN MEDICAL ASSOCIATION,   :
et al.,
                                    :
            Plaintiffs,
                                    :   00 Civ. 2800 (LMM)(GWG)
    - against -
                                    :   MEMORANDUM AND ORDER
UNITED HEALTHCARE CORPORATION,
et al.,                             :

            Defendants.             :

------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/07/2011

McKENNA, D.J.

### 1.

The above action was settled in October of 2010.

Defendants UnitedHealth Group, Inc. ("UHG") and Ingenix, Inc. ("Ingenix") move, in an amended motion dated August 18, 2011, for an order enjoining Darryl and Valerie Samsell from pursuing their claims in an action pending in the United States District Court for the Southern District of California, In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litigation, No. 09-ml-02074-PSG. The gravemen of the UHG/Ingenix motion is that the Samsells were parties to the settlement of the present case in which they released the claims now asserted by them in WellPoint.[1]

---

[1] The Samsells also seek an order requiring the Samsells to show cause why they should not be held in contempt, and reimbursement of the costs incurred by UHG and Ingenix in asserting their rights against the Samsells.

COPIES MAILED TO COUNSEL - 7 NOV 2011

**2.**

The Court has jurisdiction to consider the present dispute, under the principles set forth in Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811-12 (1985).

**3.**

As the Supreme Court has recently said, "a court does not usually 'get to dictate to other courts the preclusion consequences of its own judgment.'" Smith v. Bayer Corp., 131 Sup. Ct. 2368, 2375 (2011) (quoting 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4405, p.82 (2d ed. 2002)). See also Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency, 318 F.3d 392, 397-398 (2d Cir. 2003), and Midway Motor Lodge of Elk Grove v. Innkeepers' Telemanagement & Equip. Corp., 54 F.3d 406, 409 (7th Cir. 1995) ("In the law of preclusion . . . the court rendering the first judgment does not get to determine that judgment's effect . . . .")

Accordingly, the Court denies the motion of UHG and Ingenix, without prejudice to raising (or continuing to raise) the issue in In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litigation, No. 09-ml-02704-PSG (S.D. Cal.).

Dated: November 7, 2011

SO ORDERED.

Lawrence M. McKenna
U.S.D.J.